1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARREN VINCENT FORD,                  No.  2:15-cv-2588 GEB DB P

12              Plaintiff,

13       v.                                ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14   CALIFORNIA HEALTH CARE
     FACILITY, et al.,
15
                Defendants.
16

17

18          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

19   action under 42 U.S.C. § 1983.  Upon screening, the court found plaintiff stated a potentially

20   cognizable claim under the Eighth Amendment against defendant Jahangiri for failing to take

21   protective measures after plaintiff threatened to commit suicide.  (ECF No. 11.)  Defendant

22   Jahangiri is the only defendant remaining in this action.

23          On November 10, 2016, defendant filed an answer.  On November 21, 2016, the court

24   issued a discovery and scheduling order.  On December 6, 2016, plaintiff filed motions for his

25   legal property, for an extension of time to respond to a request for production of documents, and

26   for an order requiring W. Porter to give plaintiff library access and his legal property.  (ECF Nos.

27   32, 33, 34.)

28   ////

1

1    In both his "Motion for Legal Property" and his "Motion for Restraining Order," plaintiff

2  seeks an order requiring Officer W. Porter to give him his legal property and to give him access to

3  the law library.  These are requests for preliminary injunctive relief.

4    A party requesting preliminary injunctive relief must show that "he is likely to succeed on

5  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

6  balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

7  Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief

8  hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean

9  Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

10    Alternatively, under the so-called sliding scale approach, as long as the plaintiff

11  demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the

12  public interest, a preliminary injunction may issue so long as serious questions going to the merits

13  of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for

14  the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the

15  "serious questions" version of the sliding scale test for preliminary injunctions remains viable

16  after Winter).

17    The principal purpose of preliminary injunctive relief is to preserve the court's power to

18  render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.

19  Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is

20  that the relief awarded is only temporary and there will be a full hearing on the merits of the

21  claims raised in the injunction when the action is brought to trial.  The Ninth Circuit Court of

22  Appeals recently considered the relationship between a request for preliminary injunctive relief

23  and the underlying action.  The court held that there must be a "sufficient nexus between the

24  claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint

25  itself."  Pacific Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir.

26  2015).  That relationship is sufficient to support a preliminary injunction where the injunctive

27  relief sought is "'of the same character as that which may be granted finally.'"  Id. (quoting De

28  ////

2

1    Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)).  "Absent that relationship or

2    nexus, the district court lacks authority to grant the relief requested."  Id.

3           In cases brought by prisoners involving conditions of confinement, any preliminary

4    injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

5    court finds requires preliminary relief, and be the least intrusive means necessary to correct that

6    harm."  18 U.S.C. § 3626(a)(2).  Further, an injunction against individuals not parties to an action

7    is strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110

8    (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in

9    which he is not designated as a party . . . .").

10          The subject of the present lawsuit is defendant's response to plaintiff's threatened suicide.

11   In his motions, plaintiff asks the court to order a non-party, Officer W. Porter, to provide him

12   with access to legal materials and the library.  Because the subject of plaintiff's request for

13   injunctive relief is not the same as the subject matter of his complaint, the court "lacks authority

14   to grant the relief requested."  Pacific Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d

15   631, 636 (9th Cir. 2015).   Accordingly, the court will recommend denial of plaintiff's request for

16   injunctive relief.

17          Plaintiff has likely shown good cause for an extension of time to respond to discovery.  If

18   plaintiff is facing an imminent deadline, then he should be permitted additional time to respond

19   based on his difficulties in getting his legal property.  The problem with plaintiff's request,

20   however, is that plaintiff does not specify when his responses to the request for production of

21   documents are due or how much time he seeks.  Therefore, the court will deny plaintiff's request

22   without prejudice to its renewal.

23          For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for an

24   extension of time (ECF No. 33) is denied without prejudice. If plaintiff seeks an extension of

25   time, in addition to showing good cause, plaintiff must tell the court when his responses are due

26   and how much additional time he seeks to respond.

27          IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief (ECF

28   Nos. 32, 34) be denied for the reasons set forth above.

1      These findings and recommendations will be submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties. The document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6  objections shall be filed and served within fourteen days after service of the objections.  The

7  parties are advised that failure to file objections within the specified time may result in waiver of

8  the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  Dated:  December 12, 2016

11                                                              _____

12                                                              DEBORAH BARNES
                                                               UNITED STATES MAGISTRATE JUDGE

17  DLB:9
    DLB1/prisoner-civil rights/ford2588.eot

4