UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD, | No. 2:15-cv-2588 GEB DB P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA HEALTH CARE FACILITY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendant Jahangiri violated plaintiff's Eighth Amendment rights when Jahangiri failed to take any protective measures after plaintiff threatened to commit suicide. Before the court are plaintiff's motion to quash or, in the alternative, to settle the case, defendant's motion to compel, and defendant's request for sanctions. For the reasons set forth below, the court will deny plaintiff's motion, grant defendant's motion to compel, and deny defendant's request for sanctions.

**BACKGROUND**

Plaintiff filed his complaint here on December 14, 2015. Upon screening, the court found plaintiff stated a potentially cognizable claim under the Eighth Amendment against defendant

////

1

Jahangiri for failing to take protective measures after plaintiff threatened to commit suicide. (ECF No. 11.) Defendant Jahangiri is the only defendant remaining in this action.

On November 10, 2016, defendant filed an answer. (ECF No. 26.) On November 21, 2016, the court issued a discovery and scheduling order setting a deadline of March 10, 2017 for discovery. (ECF No. 27.) On January 20, 2017, the court granted plaintiff's request for an extension of time to respond to defendant's discovery. (ECF No. 38.) Plaintiff moved for a second extension of time, which was also granted. (ECF No. 44.) Plaintiff's responses to the discovery were due on February 28, 2017. At defendant's request, the court also continued the discovery cut-off to April 14, 2017. (Id.)

On February 9, 2017, plaintiff filed the present motion entitled "Motion Pursuant to Rule 45(d)(3)(B) or Plaintiff would like to come to an agreement to settle case." (ECF No. 45.) On February 22, plaintiff filed a document entitled "Plaintiff's objection to defendant's 'Production of Document & interrogatory Questions' and 'Copies of the Discovery forms.'" (ECF No. 46.) On March 3, defendant filed a motion to compel plaintiff to respond to his Request for Production of Documents, Set One. Therein, defendant also requests sanctions. (ECF No. 47.) Neither party has responded to the other's motions.

**PLAINTIFF'S MOTION**

Plaintiff titles his motion as one pursuant to Rule 45(d)(3)(B) or for settlement. Federal Rule of Civil Procedure 45(d)(3)(B) provides for motions to quash or modify a subpoena. However, in the body of his motion, plaintiff only argues that he would be willing to settle this case if he is transferred to an institution where he can "receive treatment for being a sex offender and a pedophile." (ECF No. 45.) Because defendant has not responded to plaintiff's request to settle this case, the court assumes defendant is not, at this time, prepared to engage in settlement discussions. A party may also request a settlement conference pursuant to Local Rule 270. To the extent plaintiff is making that request, the court does not find a settlement conference would be beneficial at this time.

////

////

# DEFENDANT'S MOTION TO COMPEL

Defendant moves to compel plaintiff to respond to defendant's Request for Production of Documents, Set One. (ECF No. 47.) Defendant states that plaintiff's responses were due no later than February 28, 2017. Plaintiff's only response has been the objections filed February 22.

## I.     Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things, and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998) (citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of

3

> the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II.     Analysis**

Defendant provides a copy of the Request for Production of Documents, Set One, to which plaintiff has not responded. (See ECF No. 47-1 at 4-5.) There are a total of six requests. The first three requests seek any documents supporting plaintiff's contentions that defendant violated his rights, that plaintiff exhausted his administrative remedies, and that plaintiff filed a claim with the Victims Compensation and Government Claims Board. The second three requests seek any documents regarding the harm and damages plaintiff alleges defendant caused him. All six requests seek documents relevant to this action.

In his objections filed here on February 22, plaintiff states only that defendant has exceeded the number of questions permitted under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff argues that defendant has asked 47 "questions and forms." For several reasons, plaintiff's objections are baseless. First, defendant is not seeking to compel plaintiff to respond to the interrogatories. According to defendant, plaintiff has already done so. Second, Rule 33 limits only the number of interrogatories that may be served. Again, because defendant seeks to compel plaintiff to respond to the Request for Production of Documents, not to the interrogatories, Rule 33 is not applicable. Even if it was, the court notes that defendant has not served an excessive number of discovery requests upon plaintiff. Defendant provided copies of both the Interrogatories and the Request for Documents. (See ECF No. 47-1 at 5-11.) Defendant served

4

fifteen interrogatories and six requests for documents. These numbers are well within the rules and plaintiff fails to show defendant's discovery requests are otherwise burdensome or inappropriate. Accordingly, the court finds good cause to compel plaintiff to respond to defendant's Request for Production of Documents, Set One.

While plaintiff must respond to defendant's Request for Production of Documents, the court notes that defendant made one error in the request which could have caused some confusion. The request requires plaintiff to "respond to each of the following interrogatories separately and fully in writing and under oath within 30 days of service of this set of document requests." (Req. for Doc., Set One, at 1 (ECF No. 47-1 at 4).) While this is simply an error, it does not inform plaintiff what he must do to comply with the Request for Production of Documents. Defendant will be required to re-serve the request on plaintiff with appropriate instructions.

## DEFENDANT'S REQUEST FOR SANCTIONS

Defendant argues that sanctions are appropriate because plaintiff has had more than fourteen weeks to respond to the discovery request and has already been compelled to respond. Defendant cites the court's February 9, 2017 order as a basis for his assertion that plaintiff was previously "compelled" to respond to discovery. Defendant misconstrues the February 9 order. Therein, the court gave plaintiff an extension of time to respond to defendant's discovery and denied defendant's motion to compel without prejudice. (ECF No. 44.) The February 9 order required plaintiff to respond to defendant's interrogatories and request for documents by February 28. On February 22, plaintiff filed his objections to the discovery sought. Accordingly, plaintiff's response was timely filed and defendant provides no basis, at this point, for sanctions. See Fed. R. Civ. P. 37(b)(2)(A) (sanctions permissible against party who fails to obey an order to provide discovery). Defendant's motion for sanctions will be denied without prejudice.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's "Motion Pursuant to Rule 45(d)(3)(B) or Plaintiff would like to come to an agreement to settle case" (ECF No. 45) is denied.

////

2. Defendant's Motion to Compel (ECF No. 47) is granted.  Within ten days of the date of this order, defendant shall serve an amended Request for Production of Documents, Set One, on plaintiff with appropriate instructions.
3. Within twenty days of the date of service of the Request for Production of Documents, Set One, plaintiff shall respond.  Plaintiff is warned that if he fails to respond to the Request for Production, he may be sanctioned.  Sanctions may include dismissal of this action.
4. Defendant's request for sanctions is denied without prejudice.

Dated:  April 11, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/ford2588.mtc