|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 10 | | |
| 11 | DARREN VINCENT FORD, | No. 2:15-cv-2588 GEB DB P |
| 12 | Plaintiff, | |
| 13 | v. | ORDER |
| 14 | CALIFORNIA HEALTH CARE FACILITY, et al., | |
| 15 | Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendant Jahangiri violated plaintiff's Eighth Amendment rights when Jahangiri failed to take any protective measures after plaintiff threatened to commit suicide. Before the court are plaintiff's requests for the appointment of counsel and for an extension of the discovery cut-off. Both motions will be denied.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff seeks the appointment of counsel because he is untrained in the law. (ECF No. 51.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

////

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, the court will deny plaintiff's motion for the appointment of counsel.

## MOTION FOR EXTENSION OF THE DISCOVERY CUT-OFF

On November 21, 2016, the court issued a discovery and scheduling order setting a deadline of March 10, 2017 for discovery.  (ECF No. 27.)  On January 20, the court granted plaintiff's request for an extension of time to respond to defendant's discovery.  (ECF No. 38.)  Plaintiff moved for a second extension of time, which was also granted.  (ECF No. 44.)  Plaintiff's responses to the discovery were due on February 28.  At defendant's request, the court also continued the discovery cut-off to April 14.  (Id.)

On March 3, defendant filed a motion to compel plaintiff to respond to his Request for Production of Documents, Set One.  In an order filed April 12, the court granted that request and, later, granted defendant's motion to extend the deadline for filing pretrial motions to July 3, 2017. (ECF Nos. 48, 50.)

In a document filed June 6, plaintiff moved for a 45-day extension of the April 14 discovery cut-off.  The only reasons plaintiff provides are his concern that defendant was continuing to seek discovery past the April 14 date and that he would like a little more time to prepare for trial by propounding interrogatory questions to defendant.  (ECF No. 52.)

Plaintiff provides no basis for an extension of the discovery cut-off.  First, in the April 12 order, the court granted defendant's motion to compel but also required defendant to re-serve the Request for Production of Documents with appropriate instructions to plaintiff on responding.

(See ECF No. 48 at 5-6.)  Defendant was thus permitted by the court to re-serve the Request for Production of Documents after the April 14 discovery cut-off.  Second, plaintiff fails to explain what additional discovery he requires from defendant and why he was unable to seek that information during the discovery period.  Plaintiff has not shown good cause for an extension of time.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 51) is denied; and
2. Plaintiff's motion for an extension of the discovery cut-off (ECF No. 52) is denied.

Dated:  June 12, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/ford2588.31(3)