UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HEALTH CARE<br>FACILITY, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-2588 GEB DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action. Plaintiff alleges defendant Jahangiri violated plaintiff's Eighth Amendment rights when Jahangiri failed to take any protective measures after plaintiff threatened to commit suicide. Before the court are plaintiff's requests for discovery, for the appointment of counsel, and for an extension of time to file a response to defendant's summary judgment motion. For the reasons set forth below, plaintiff's requests for discovery and counsel will be denied and his request for an extension of time will be granted.

**I.　　Request for Discovery**

Here, plaintiff asks that he be permitted to serve one more set of interrogatories on defendant. (ECF No. 60.) Essentially, plaintiff asks again for an extension of the deadline for conducting discovery. The court's Discovery and Scheduling Order was issued in November 2016 and set a deadline of March 10, 2017 for conducting discovery. (ECF No. 27.) In an order

1

dated February 9, 2017, the court granted defendant's request for an extension of the discovery cut-off to April 14, 2017.  (ECF No. 44.)  On June 13, 2017, the court denied plaintiff's request for an extension of the discovery cut-off because plaintiff failed to explain what additional discovery he required and why he was unable to seek that information during the discovery period.  (ECF No. 54.)

In his current motion, plaintiff argues that he should be permitted to serve one more set of interrogatories because defendant's responses to his prior sets of interrogatories were objections and plaintiff thought the discovery cut-off had passed.  For a variety of reasons, plaintiff's motion will be denied.  Plaintiff does not explain what prior interrogatories he propounded or why he never sought to compel defendant to respond to those prior sets of interrogatories.  Plaintiff had opportunities to do so and should have been aware that such motions were available because defendant moved to compel plaintiff to respond to discovery.

Plaintiff also fails to explain what information he now seeks and why he was unable to seek it previously.  Finally, plaintiff's motion is untimely.  Plaintiff waited until June 16, over two months after the close of discovery, to file his motion.   Plaintiff fails to establish good cause for an extension of the discovery cut-off.

## II. Request for Appointment of Counsel

Plaintiff requests the appointment of counsel because he is experiencing difficulties understanding defendant's motion for summary judgment.  (ECF No. 64.)  "The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

### III. Request for Extension of Time

Plaintiff states that he requires additional time to respond to the summary judgment motion because he is waiting for defendant's responses to discovery. (ECF No. 63.) This reason does not establish good cause because, as described above, plaintiff is not entitled to further discovery. Nonetheless, the court recognizes that responding to a summary judgment motion is a time-consuming task. The court will grant plaintiff's request for an extension of time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of the discovery cut-off (ECF No. 60) is denied;
2. Plaintiff's motion for the appointment of counsel (ECF No. 64) is denied;
3. Plaintiff's motion for an extension of time (ECF No. 63) is granted; and
3. By August 18, 2017, plaintiff shall file his response to defendant's June 27, 2017 motion for summary judgment. Any reply shall be filed and served in accordance with Local Rule 230(l).

Dated: July 11, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/ford2588.31+36opp

3