UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAHANGIRI,<br><br>　　　　　Defendant. | No. 2:15-cv-2588 GEB DB P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se. On February 8, 2018, the district judge entered an order which, among other things, granted defendant's motion for summary judgment and denied plaintiff's motion to amend the complaint. (ECF No. 85.) On February 21, plaintiff filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). (ECF No. 87.) Five days later, plaintiff filed a notice of appeal. (ECF No. 88.) The Court of Appeals processed the appeal on February 26. (ECF No. 89.) On March 21, the Court of Appeals ordered plaintiff's appeal held in abeyance pending the district court's resolution of plaintiff's motion to alter or amend the judgment. (ECF No. 91.) Upon review of plaintiff's motion, the undersigned finds it states no grounds to alter or amend the judgment and recommends denial of the motion.

　　　　A Rule 59(e) motion to alter or amend the judgment is an "extraordinary remedy which should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

1

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc) (per curiam)). Plaintiff does not cite to newly discovered evidence or a change in the law. Nor does plaintiff meet the remaining two bases for relief under Rule 59(d).

Plaintiff argues he should have been permitted to amend his complaint, cites case law for the general bases of his Eighth Amendment claim against defendant Jahangiri, and reargues the merits of his case – that defendant exhibited deliberate indifference to plaintiff's serious medical needs in the way he responded to plaintiff's threat of suicide. (ECF No. 87.)

To demonstrate "manifest error," plaintiff must show the judgment rests on an incorrect factual assumption or clear error of law. However, new legal arguments that should have been raised previously are not appropriate in a Rule 59(e) motion. Divane v. Krull Elec. Co., Inc., 194 F.3d 845, 850 (7th Cir. 1999). Nor is a Rule 59(e) motion an appropriate vehicle to ask the court to revisit issues already addressed. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff shows neither an incorrect factual assumption, nor a clear error of law. He does nothing more than briefly re-state the arguments he made previously in this case and list case citations.

Plaintiff does not show that an extraordinary remedy is necessary to prevent a "manifest injustice." Plaintiff is reminded that the court ruled on his claim assuming that he did, in fact, tell Jahangiri that he intended to try to kill himself when he returned to his cell. Even assuming the truth of that fact, the court found Jahangiri did not exhibit deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment. Plaintiff presents nothing new here to change that determination.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's February 21, 2018 Motion to Alter or Amend the Judgment (ECF No. 87) be denied.

////

1     These findings and recommendations will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3 after being served with these findings and recommendations, either party may file written
4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  The parties are advised that failure to file objections within the
6 specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v.</u>
7 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8 Dated:  March 26, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/ford2588.59e